UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:24-CV-399-CRS-RSE

PAMELA L.G.                          PLAINTIFF

v.

FRANK BISIGNANO,
*Commissioner of the Social Security Administration*[1]      DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), plaintiff Pamela L.G. ("Claimant") seeks judicial review of the Commissioner of Social Security's denial of her claims for Title II disability insurance benefits ("DIB") and Title XVI supplemental security income ("SSI"). The Court referred this matter to United States Magistrate Judge Regina S. Edwards for findings and recommendation DN 9. On June 24, 2025, Judge Edwards entered Findings of Fact, Conclusions of Law and Recommendation (DN 14) (the "Report"). This matter is now before the Court for consideration of Claimant's Objections to the Report (DN 15). For the reasons stated below, the Court finds no merit in Claimant's Objections and will therefore adopt the magistrate judge's well-reasoned Report as the opinion of this Court.

## BACKGROUND

Claimant filed her Title II DIB and Title XVI SSI applications on December 27, 2021, alleging disability beginning November 3, 2021. Her claims were initially denied on April 11, 2022 and upon reconsideration on September 1, 2022. On September 9, 2022, Claimant requested a hearing. Claimant's request was granted, and a telephonic hearing was held on June 14, 2023. An impartial vocational expert provided testimony at the hearing. On July 13, 2023, the

---

[1] Frank Bisignano became the Commissioner of the Social Security Administration on May 6, 2025. He is automatically substituted as the named defendant pursuant to Fed. R. Civ. P. 25(d).

administrative law judge ("ALJ") issued a written decision. The ALJ evaluated the evidence under the required five-step process and concluded that Claimant "ha[d] not been under a disability, as defined in the Social Security Act, from November 3, 2021, through the date of [the] decision," July 13, 2023. ALJ Op., DN 8 at PageID# 24. The Appeals Council denied Claimant's request for administrative review on May 15, 2024. As a result, the ALJ's decision became final and subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a).

On July 10, 2024, Claimant filed her Complaint in this action. Thereafter, the parties briefed Claimant's arguments for reversal. On June 24, 2025, Magistrate Judge Edwards issued her Report, recommending affirmance of ALJ's decision. Report, DN 14 at PageID# 1549. On July 7, 2025, Claimant filed timely Objections to the Report (DN 15). The Government responded to those Objections on July 9, 2025 (DN 16). Accordingly, Claimant's Objections are ripe for review.

## **STANDARD OF REVIEW**

In reviewing a decision by an ALJ, the district court must determine whether the ALJ's findings are supported by substantial evidence and whether the ALJ's decision was made pursuant to proper legal standards—and nothing more. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (internal quotation marks omitted). Where substantial evidence supports an ALJ's decision, reversal is not warranted "even if substantial evidence would support the opposite conclusion." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). The district court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human*

*Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted). Magistrate Judge Edwards applied these standards to the ALJ's decision.

If a claimant files timely and specific written objections to a magistrate judge's report and recommendation, the district court judge reviews those portions to which the claimant made such objections *de novo*. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997)). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection to a magistrate judge's report and recommendation is treated as a failure to object, *Cline v. Myers*, 495 F. App'x 578, 580 (6th Cir. 2021), and the district court need not review a magistrate judge's findings when no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Similarly, "'[b]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard*, 932 F.2d at 509).

## **ANALYSIS**

In this case, Claimant has failed to make specific objections to the magistrate judge's report. First, the bulk of her Objections constitute no more than a disagreement with the result reached by Magistrate Judge Edwards, evident from the fact that she does no more than repeat the same grounds for reversal of the ALJ decision which Judge Edwards already reviewed and

rejected. Second, Claimant makes a due-process argument in her Objections that she did not previously present, depriving the magistrate judge of the opportunity to consider that argument and waiving her ability to make that argument now.

## A. Claimant's Due Process Objection

Claimant argues that Magistrate Judge Edwards erred by failing to explain why the ALJ's "repeated statements on use of the objective standard as the determinative factor . . . was not a due process violation." Objections, DN 15 at PageID# 1551-52. Claimant did not include such an argument in her Fact and Law Summary. As a result, it was not presented to Magistrate Judge Edwards. A magistrate judge cannot err by failing to address an argument that was never presented. Nevertheless, by failing to raise this argument in the first place, Claimant has waived it. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citations omitted) (issues first raised in objections to the magistrate judge's report and recommendation constitutes waiver).

## B. Claimant's Failure to Make Specific Objections

As for Claimant's remaining arguments, instead of pointing to specific errors made by the magistrate judge, Claimant repeats her assertions that (1) the ALJ failed to adequately reconcile inconsistent evidence in his RFC determination, Objections, DN 15 at PageID# 1551-60 and (2) the ALJ failed to pose an appropriate hypothetical to the vocational expert ("VE"), *id*. at PageID# 1560-61. Magistrate Judge Edwards rejected both arguments. Report, DN 14 at PageID# 1549. Thus, by repeating these arguments as her Objections, Claimant has done no more than articulate disagreement with the magistrate judge's report. As a result, Claimant's assertions are "'tantamount to an outright failure to lodge objections.'" *Depweg*, 2015 WL 5014361, at *1 (citations omitted). They will be overruled for this reason.

### 1. The RFC Determination

Claimant argues that the ALJ failed to sufficiently explain why he discounted her testimony about her pain that was corroborated by certain medical records and thereby concluded that she can perform light duty work. Objections, DN 15 at PageID# 1554, 1557. This argument lacks a basis in fact. As the magistrate judge explained and illustrated, the ALJ did consider Claimant's testimony and the medical records on which she relies for this argument:

> ALJ Grayson thoroughly evaluate[d] the objective medical evidence, including treatment notes, testing, and imaging, ALJ Grayson also evaluated Claimant's prescribed treatment and their results, Claimant's medication and side-effects, Claimant's activities of daily living, a third-party report from Claimant's sister, and the medical opinions of record.

Report, DN 14, at PageID# 1540 (citing Tr. 17-22). Magistrate Judge Edwards detailed the ALJ's thorough recounting of Claimant's "subjective allegations of pain and determined that Claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." *Id*. at PageID# 1539 (citing Tr. 16-17). At the same time, Magistrate Judge Edwards noted that Claimant's testimony about her pain and abilities was not unequivocal and not inconsistent with the ALJ's light-duty RFC determination:

> She said she had a driver's license and does drive once per week. She said she drives to the grocery store down the street to get out of the house. She said driving hurts her leg but otherwise she does not have any problems driving . . . . She said she can lift a gallon of milk. She said she can lift a 24-can case of soft drinks. However, she said if [sic] hurts she would put it down but probably could.

*Id*. at PageID# 1545 (quoting Tr. 17). The Court finds no error in Magistrate Judge Edwards' analysis, and Claimant has identified none. Instead, her arguments simply urge the Court to disagree with Judge Edwards and reach a different conclusion as a result. These are not proper objections. *Depweg*, 2015 WL 5014361, at *1 (citations omitted).

Next, Claimant asserts that the ALJ erred by failing to adequately explain the supportability and consistency of the State Agency opinions with the medical record. Objections, DN 15 at PageID# 1553. This assertion also fails to identify error by the magistrate judge. Moreover, Magistrate Judge Edwards illustrates that contrary to Claimant's argument, the ALJ did adequately explain how the State Agency opinions were supported by and consistent with the medical records. Report, DN 14 at PageID# 1532-35. Magistrate Judge Edwards also showed that the State Agency consultants reviewed medical records, *e.g.*, MRIs, that were favorable to Claimant:

> ALJ Grayson specifically noted how the consultants reviewed and considered the "diagnostic imaging, documented facet changes in the lumbar spine with mild osteoarthritis of the right hop [sic] and course of treatment inclusive of physical therapy, outpatient medication for pain control, and physical examination findings."

*Id*. at PageID# 1534 (quoting Tr. 22). In other words, Claimant's argument has no basis in fact.

Finally, even if the ALJ did err, Magistrate Judge Edwards explained that the error is harmless and does not warrant reversal. *Id*. at PageID# 1535. Claimant raises no objection to this portion of the magistrate judge's report.

### 2. The Hypotheticals

Claimant contends that the hypotheticals posed by the ALJ to the VE were not an accurate portrayal of her individual physical impairments. Objections, DN 15 at PageID# 1560. Again, she presented the same argument in her Fact and Law Summary. DN 10 at PageID# 1492-93. Magistrate Judge Edwards rejected this argument as "a veiled attack on the RFC." Report, DN 14 at PageID# 1549. In other words, Claimant's vocational-expert argument rests on the premise that the ALJ's RFC determination was incorrect. Having found that the RFC determination was based on substantial evidence, the magistrate judge rejected Claimant's contention that the hypotheticals which were based on the RFC determination created error. Claimant has not shown that Magistrate

6

Judge Edwards erred here. *Id*. Again, she simply repeats her now rejected argument and thereby fails to make a specific objection to the magistrate judge's Report.

## CONCLUSION

Upon review of Magistrate Judge Edwards' Report and Recommendation, the Court is satisfied that she thoroughly considered and addressed all of Claimant's arguments for reversal of the ALJ's decision. The Court finds no error in the magistrate judge's analysis and Claimant has not identified any errors. Accordingly, the Court **OVERRULES** Claimant's Objections, **DN 15**, and **ADOPTS** the magistrate judge's well-reasoned Report and Recommendation, **DN 14**, in its entirety as the opinion of the Court. A separate judgment will be entered contemporaneously with this Order. There being no just reason for delay, this is a final Order.

**IT IS SO ORDERED.**

September 19, 2025

Charles R. Simpson III, Senior Judge
United States District Court